## W. D. BARRINGER v. WILLIAM BURNS.

*Contract—Breach—Right to Possession of Personal Property—
Instructions—Charges.*

1. In an action brought to recover possession of a mare, the plaintiff alleged that he placed her with the defendant, a horse-trader, to be trained for trotting races. Defendant was to stable and feed her, and, at plaintiff's direction, put her on the track for trial race; and when she had attained the proper speed, she was to be turned over to the plaintiff. who was to sell her, and, out of the proceeds, pay for her board, lodgings and training; that defendant refused to give her a trial race and to turn her over, and, in violation of the contract, he permitted her to be driven for business and pleasure: *Held,* that upon these allegations, if true, plaintiff was entitled to recover.

2. It was not error for the Court to charge that. in certain aspects of the case. specifying such aspects, the plaintiff might recover, where there was evidence in support of them, especially as the aspects favorable to defendant were likewise specified.

3. The defendant has 1 o lien upon the mare for the expenses of shoeing her while in his possession, when no charge was made against him therefor.

APPEAL from MECKLENBURG Superior Court, before *Merrimon, J.,* at the Spring Term, 1891.

This action is brought to recover possession of the mare specified in the complaint. The pleadings raised issues of fact. On the trial the Court, among other instructions, gave the following to the jury at the request of the plaintiff:

"3. That if the jury believe from the testimony that the contract was that the defendant Burns was, upon request of plaintiff, to exhibit the speed which the mare had attained under his training, and upon request by plaintiff to that effect, the defendant failed or refused so to do, that would operate as a breach of the contract, and would entitle the plaintiff to a verdict for the mare.

"That if the jury believe from the testimony that the contract was that the defendant Burns was only to use the mare for training purposes, and that Burns used her, or allowed her to be used, for any other purpose, it would constitute a breach of contract on the part of the defendant, and would entitle the plaintiff to a verdict for the mare, unless the use made of the mare was such as riding to town was necessary for the mare as exercise, and in this event it would not amount to a breach of the contract."

The Court further instructed the jury as follows:

"1. If Barringer states the contract correctly, the jury should answer the first issue Yes.

"2. If the contract was that the defendant was to turn the mare over to the plaintiff to be sold and to receive the compensation out of the proceeds, the answer will be Yes

"3. There is no evidence as to the damage the plaintiff sustained by reason of the defendant's wrongful detention.

"4. If the contract was as stated by Burns, the answer to the first issue should be No, and to the second issue None.

"5. If the defendant was to be paid by the month as testified to by Barringer, *i. e*, eight dollars for training and twenty dollars for keeping, and it was not a part of the contract that defendant was to surrender possession of the mare and take his pay out of the proceeds, the answer to the third issue should be the amount accrued up to the date demand was made.

"6. The plaintiff says he saw the mare here thirty times. It does not appear that he made any protest. If this was a provision of the contract, did he not waive it?

"7. If the defendant has not himself paid for the shoeing of the mare, and no charge has been made against him for it, he cannot claim any lien for charges for that."

The testimony on both sides, bearing upon these points, was called to the attention of the jury.

The jury responded to the first issue, "Yes," to second, "None;" to third, "None," and to fourth, "Nothing."

The defendant moved for a new trial. Motion denied. Judgment for the plaintiff, from which defendant appealed.

In statement of case on appeal, the defendant assigns the following errors and exceptions:

2. That the Court gave the jury the instruction No. 3, of the plaintiff's prayers, set out above.

3. That the Court gave the jury the instruction No. 4, of the plaintiff's prayers, set out above.

4. That the Court charged the jury that if Barringer stated the contract correctly, the jury should answer the first issue, Yes.

5. That the Court charged the jury that if the defendant had not paid for the shoeing of the mare, and the bill for shoeing was not charged to him, he could not claim a lien for that.

*Messrs. McCall & Bailey* (by brief) and *G. F. Bason*, for plaintiff.

*Messrs. Jones & Tillett* (by brief), for defendant.

MERRIMON, C. J.: The parties produced evidence on the trial pertinent to and bearing upon every aspect of the case to which the Court directed the attention of the jury. Particularly, there was evidence of the plaintiff tending to prove the breaches of the contract alleged by him to which the third and fourth special instructions complained of as erroneous, had reference, The plaintiff alleged that he placed his mare with the defendant, a horse-trainer, to be trained for trotting races; that she was to be left in defendant's possession to be trained; that said defendant was to feed her as trained horses should be fed—have her comfortably stabled and well groomed, and then thoroughly trained, and that at the direction of the plaintiff the mare was to be trotted

around the race track for a nominal prize, in the presence of two or three disinterested witnesses, who were to time her with stop-watches, in order that it might be discovered what speed she had attained as a racer, and she was then to be delivered to the plaintiff, and he was to sell her and out of the proceeds of sale to pay the defendant," etc. That the defendant, " although several times requested to display the speed of said mare as aforesaid, invariably refused so to do, in consequence whereof the plaintiff demanded her surrender from the defendant," etc.; and he further alleged, that in violation of the contract alleged, the defendant had "used and permitted another to drive said mare on other occasions than for training, and for purposes of business or mere pleasure, in which several matters the plaintiff avers the defendant broke his contract," etc. By the terms of the contract thus alleged, it was material and important that the defendant who so had the mare in training, should, upon the demand of the plaintiff, exhibit trials of her speed in the presence of witnesses. He refused, upon repeated demands of the plaintiff, to make such trials, as he was bound to do. If he did, he violated a material provision of the contract as alleged, and the plaintiff became at once entitled to have possession of his mare. And as there was evidence tending to prove the contract and a breach thereof, as alleged, the plaintiff was entitled to have the third special instruction which he demanded and the Court gave.

The plaintiff alleged that the defendant, by the terms of the contract, had possession of the mare only for the purposes of training her. If he went beyond that, and used her, as alleged, for other purposes, he committed a breach of the contract, and the plaintiff might demand and have possession of her. There was some evidence tending to prove such allegation, and, therefore, the plaintiff was entitled to have the fourth special instruction as to which error is assigned. There is nothing alleged by the plaintiff that

108—39

creates a lien upon the mare in favor of the defendant, or that gives rise to a counterclaim in his favor.

The instructions just referred to were asked for by the plaintiff, as bearing upon certain aspects of the case favorable to him and deemed important. They did not embrace or apply to every aspect of the case, particularly those favorable to the defendant, but other instructions given did, and all the instructions given must be taken together, certainly in so far as they have reference to and bearing upon each other. If a party ask for and special instructions are given, that present certain aspects of the case distinctively and in a way misleading to the jury, unless qualified, and no qualification is given in some appropriate connection, this would be ground for a new trial. But this is not such a case. The record shows that the Court distinctly gave instructions in aspects of the case favorable to the defendant, calling the attention of the jury to the evidence pertinent and bearing upon them. The instruction so given, taken in connection with others given, and the whole taken together, were not in themselves misleading, nor does it appear that they had such effect. Indeed, the instructions were clear, fair and easily understood. There were allegations and evidence that warranted them, and they were properly given.

It is further objected that the Court erroneously told the jury that if the plaintiff, in his testimony on the trial, had stated the contract correctly, they should respond to the first issue in the affirmative. We do not think this instruction was erroneous in any view of it. If the testimony of the plaintiff was true, obviously he was entitled to have possession of his mare, because it went directly to prove the contract as alleged by him, and the alleged breaches thereof. We have seen above that if the contract, as alleged, was the true one, and the defendant violated the same, he had no right to detain the mare.

But it is insisted that it was error to thus make the case turn upon the evidence of the plaintiff himself. It appears

that the plaintiff distinctively alleged and testified to one contract, and breaches thereof by the defendant, and the latter, quite as distinctively alleged and testified in his own behalf to another and different contract favorable to himself. The plaintiff and defendant were the principal witnesses and testified to the main facts. The other evidence tended, more or less, to corroborate them. Seeing this, the Court told the jury that if the plaintiff stated the contract correctly they should answer the first issue in his favor. But almost in the same connection, and substantially in the same words, and with equal clearness, it told them that if the defendant stated the contract correctly they should answer the issue favorable to him. These instructions, taken together, as they must be for the present purpose, were terse, plain, impartial, easily comprehended and understood. We cannot see that the defendant suffered any prejudice by either of them. They did not prevent the jury from taking any other view of the evidence, in part or as a whole. The Court had called their attention to and pointed out its bearings upon the various aspects of the case. It appears that it " arrayed the testimony on both sides."

As to the fifth assignment of error: There was evidence bearing upon and that fully warranted the seventh instruction complained of, as well as some evidence to the contrary. The instruction left it fairly to the jury to weigh and pass upon the whole evidence pertinent.

So far as appears, the instructions were pertinent, clear, fair and very impartial. We are not at liberty to grant a new trial upon the ground that the jury, possibly, ought to have rendered a different verdict. The Court below, alone, could set the verdict aside because they found it against the weight of evidence, if they did. We do not mean at all to say that they did or did not.

Judgment affirmed.